**IN THE UNITED STATES DISTRIBUTED COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. DARRELL MELTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-13- 1165-HE |
| 1. DRINNON CONSTRUCTION | ) ) | JURY TRIAL DEMANDED ATTORNEY LIEN CLAIMED |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action pleads as follows:

### PARTIES

1. The Plaintiff is Darrell Melton, an adult male resident of Stephens County, Oklahoma.

2. The Defendant is Drinnon Construction, a company doing business in Beckham County, Oklahoma

### JURISDICTION AND VENUE

3. Plaintiff's causes of action are for disability discrimination, including retaliation after Plaintiff requested reasonable accommodations, in violation of the Americans with Disabilities Act and the Oklahoma Anti-Discrimination Act. Jurisdiction over the federal claims is vested in this Court under and 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(c).

4. All of the actions complained of occurred in Beckham County, Oklahoma, and the Defendant may be served in that county. Beckham County is within the Western District of the United States District Court of Oklahoma and venue is appropriate in this Court under 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

5. Defendant has fifteen or more employees for each working day in each of twenty or

more calendar weeks in the current or preceding calendar year and is a covered employer under the Americans with Disabilities Act. There is no minimum employee requirement to be liable for discrimination and/or retaliation under Oklahoma's Anti-discrimination Act.

6. Plaintiff was employed by the Defendant from around the end of November, 2012 until around May 7, 2013.

7. During the period of Plaintiff's employment Plaintiff suffered and continues to suffer from impairments which, without regard to the ameliorative effects of mitigating measures substantially limit one or more major life activities and bodily functions, including (but not limited to):

   A. Plaintiff's vision would be substantially impaired and could continue to deteriorate to the point of being unable to see;

   B. Plaintiff's bodily functions including blood circulation would be substantially impaired;

   C. Plaintiff's ability to speak and think clearly would be substantially impaired.

   D. Such impairment also significantly impairs Plaintiff's brain and neurological function which results in the above impairments, among others.

8. As a result of the limitations set out in Para. 7, above, Plaintiff suffers from a disability as defined by the Americans with Disabilities Act in that she suffers from a condition which materially impairs major life activities and bodily functions as defined by 42 U.S.C. § 12102(1)(A), (2)(B) and/or is regarded as having such impairment as defined by 42 U.S.C. § 12102(1)(C), (3).

9. At the least, Defendant perceived Plaintiff as having a disability. Plaintiff's supervisor, Bobby Drinnon told Plaintiff he was terminated because of his health condition.

10. Around April 30, 2013 Plaintiff suffered from severe headaches and loss of vision as a result of his medical condition.

11. Plaintiff notified his supervisor, Gary Palmer, who drove Plaintiff from work to Plaintiff's hotel room. Thereafter Plaintiff was taken to the emergency room.

12. Requesting to take off work to seek treatment for a disability is a reasonable accommodation under the ADA.

13. Around May 7, 2013 Plaintiff was terminated. The claimed reason at the time of the termination was that a bulldozer window had broken during Plaintiff's operation of the equipment.

14. However, Plaintiff was told later in the day by Bobby Drinnon (Owner) that the true reason for Plaintiff's termination was because of his health.

15. The statement by Mr. Drinnon (Owner) in Para. 13 is direct evidence of discrimination.

16. As an alternative, Plaintiff's disability and/or his request to take off work after suffering disability-related vision loss and headaches motivated Plaintiff's termination. At the least, these factors were part of a mixture of motives for the termination such that Plaintiff is protected by the mixed motive doctrine. Plaintiff's request for accommodations may also have been a cause of Plaintiff's termination.

17. As a direct result of Plaintiff's termination he has suffered, and continues to suffer, lost wages (including past, present and future wages along with the value of benefits associated with such wages) and dignitary harm/emotional distress damages including frustration, worry, anxiety, stress and other similar, unpleasant emotions.

18. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination with the EEOC on May 31, 2013. The EEOC issued Plaintiff his right to sue letter on October 23, 2013 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of his right to sue letter.

19. Discrimination on the basis of a disability or perceived disability, and retaliation for Plaintiff's requests for accommodation is contrary to the ADA, and the OADA.

20. As a result of Defendant's discrimination and retaliation Plaintiff is entitled to compensation for his lost earnings, past, present and future (and for the value of the benefits associated with such earnings), dignitary harm damages, and attorney's fees and costs.

21. Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's protected rights, Plaintiff is entitled to an award of punitive damages.

22. Plaintiff asserts that the OADA damage caps are unconstitutional under Oklahoma's prohibitions against special laws, and that Plaintiff is entitled to the full range of normal tort damages.

## PRAYER

Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant and grant him all compensatory damages suffered together with punitive damages, liquidated damages, attorney's fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 30th DAY OF OCTOBER, 2013**.

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/Amber L. Hurst
Mark Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
HAMMONS, GOWENS, HURST
& ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Amberh@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED